D. Ormonde Ritchie, J.
This is a motion made by defendant for an order dismissing the complaint and granting summary judgment on the counterclaim. Plaintiff’s action is one to compel defendant specifically to perform a contract for the sale of real property. In a counterclaim defendant seeks judgment directing specific performance of the contract by plaintiff and for damages alleged to have been sustained by plaintiff’s nonperformance of the contract on the date therein specified for the closing of title. The contract was executed on May 14, 1957, and designated October 15, 1957, as the date for the closing of title. On September 26, 1957, the vendor was advised by the broker in the transaction that the purchaser’s husband was making a trip to Europe, that plaintiff would be unable to close title on October 15, and requested an adjournment thereof to December 1, 1957. On September 30, 1957, defendant’s attorney advised the plaintiff by registered mail that the proposed adjournment was not agreeable to the seller and that the seller insisted upon closing title on the date designated in the contract. By a letter dated October 2, 1957, the attorney for the seller received the request for an adjournment to December 1, 1957, upon the ground, inter alia, that the purchaser was ill and in a hospital. On October 5,1957, the seller’s attorney prepared and mailed to purchaser’s attorney a stipulation consenting to an adjournment of the title closing until December 2, 1957, upon terms and conditions that materially *943 varied from the terms of the contract. The purchaser refused to execute the stipulation and again by letter dated October 9, 1957, the seller insisted upon a closing of title on October 15, 1957. Plaintiff did not appear at the time and place of closing. Shortly thereafter plaintiff instituted her action. The defendant argues that since both the complaint and the counterclaim in the answer seek specific performance the motion must be granted as to that relief. Unquestionably one of the litigants in this action is entitled to specific performance of the contract. Upon the contentions of the parties the issue presented is which of the parties is entitled to judgment. Where time is not made the essence of a contract, specific performance may be decreed in an action in equity even though the plaintiff seeking that relief failed to perform upon the date in the contract specified for performance provided a bona fide excuse exists for nonperformance (Lese v. Lamprecht, 196 N. Y. 32). The defendant as well as the plaintiff seeks relief in equity. In ordinary eases of contract, equity will not regard time as of the essence provided the delay is not willful or intentional, or has not worked undue harm to the party ready to perform. Whether the request for an adjournment was reasonable, whether plaintiff’s refusal to consent to the adjournment on the terms imposed by the defendant was justifiable, and whether her nonperformance on the date specified was excusable are issues of fact for the trial court to determine.
The motion is denied.